UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MI WINDOWS & DOORS, LLC, et al.,

      Plaintiffs,

v.                                                    CASE NO. 8:14-cv-3139-T-23MAP

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

In 2002, Liberty Mutual Fire Insurance Company defended two insureds,

MI Windows & Doors, LLC, and MI Home Products, Inc., against five Alabama

actions.  After settling the actions and after suing Liberty Mutual for indemnity, the

insureds sue (Doc. 56) Liberty Mutual for refusing to participate in the settlements.

The insureds seek to recover among other things the portion of the settlement money

not covered by the insurance policy.  Liberty Mutual moves (Doc. 59) to dismiss the

insureds' second amended complaint.

## BACKGROUND

MI Windows & Doors and MI Home Products are window and

sliding-glass-door manufacturers that purchased commercial liability insurance from

Liberty Mutual.  In 2002 Liberty Mutual defended the insureds against five Alabama

actions, each an action by a condominium against the insureds for defective windows and doors that caused water damage. In 2006 the insureds without Liberty Mutual settled the actions for approximately $4.6 million — approximately $3 million for the damage to the windows and doors and approximately $1.6 million in "consequential damages" for the damage that the windows and doors caused. In 2007, after Liberty Mutual refused to indemnify the insureds for the settlement money, the insureds sued Liberty Mutual in Florida for breach of the insurance policy. In 2013 a final judgment determined that the insurance policy excluded a claim for damage to the insureds' products but ordered indemnity for approximately $1.6 million in "consequential damages."

In 2014 the insureds sued Liberty Mutual to recover, among other things, the approximately $3 million not covered by the insurance policy. The insureds' initial complaint (Doc. 2) claimed that Liberty Mutual violated Section 624.155(1)(b)(1), Florida Statutes, which requires an insurer "in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." Granting Liberty Mutual's motion to dismiss the claim, a February 20, 2015 order (Doc. 19) holds that, because the complaint "challenges . . . performance that occurred in Alabama," the substantive law that governs the claim is Alabama's, not Florida's. (Doc. 19 at 11)

With the court's leave (Doc. 19), the plaintiffs amended (Doc. 28) the complaint, which claimed both (1) that by failing to settle Liberty Mutual committed the Alabama tort of "bad-faith failure to settle," *Mutual Assur., Inc. v. Schulte*, 970 So. 2d 292, 296 (Ala. 2007), and (2) that, by refusing in bad faith to indemnify the insureds in accord with a policy executed[1] in Florida, Liberty Mutual violated Sections 626.9541(1)(i)(3)(a)–(h), Florida Statutes, which prohibits an insurer's:

> 3. Committing or performing with such frequency as to indicate a general business practice any of the following:
>
>> a. Failing to adopt and implement standards for the proper investigation of claims;
>>
>> b. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
>>
>> c. Failing to acknowledge and act promptly upon communications with respect to claims;
>>
>> d. Denying claims without conducting reasonable investigations based upon available information;
>>
>> e. Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed;
>>
>> f. Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

---

[1] *See Rando v. Gov't Employees Ins. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009) ("With regard to insurance contracts, Florida follows the '*lex loci contractus*' choice-of-law rule, which 'provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage.'" (quoting *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So.2d 1160, 1163 (Fla. 2006))).

g. Failing to promptly notify the insured of any additional information necessary for the processing of a claim; or

h. Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

Section 624.155(1)(a)(1) allows "any person [to] . . . bring a civil action" for violation of Section 626.9541(1)(i).

Moving (Doc. 31) to dismiss the Alabama tort claim, Liberty Mutual argued that the insureds sued after the applicable two-year limitation.  Moving to dismiss the Florida statutory claim, Liberty Mutual argued that Liberty Mutual's "litigation privilege"[2] prevents the insureds to support a claim under Section 624.155(1)(a)(1) from using examples of Liberty Mutual's "litigation conduct" during the Florida action for breach of the insurance policy.  Although rejecting each of Liberty Mutual's two arguments, an August 12, 2015 order (Doc. 40) grants Liberty Mutual's motion to dismiss in part because Count II of the amended complaint violated Rule 10(b), Federal Rules of Civil Procedure, which requires "each claim founded on a separate transaction or occurrence . . . [to] be stated in a separate count."  Count II comprised both a claim under Section 624.155(1)(a)(1) and a claim under Section 624.155(1)(b)(1).  The order dismissed the claim under Section 624.155(1)(b)(1).

---

[2] "Litigation privilege" is "absolute immunity [that] is properly afforded to any act occurring during the course of a judicial proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 383 (Fla. 2007).

With the court's leave (Doc. 55), the insureds again amend (Doc. 56) the complaint. The second amended complaint comprises (1) a new claim that by failing to settle Liberty Mutual committed the Alabama tort of "negligent failure to settle" (Count I); (2) the existing claim that Liberty Mutual committed the Alabama tort of "bad-faith failure to settle" (Count II); and (3) the existing claim under Section 624.155(1)(a)(1) (Count III). *See generally Schulte*, 970 So. 2d at 296 (describing the two Alabama torts). Liberty Mutual moves (Doc. 59) for the third time to dismiss.

## DISCUSSION

### 1. Counts I and II

More than three months after the August 12, 2015 order denying the motion to dismiss the first amended complaint and under the guise of moving to dismiss the second amended complaint, Liberty Mutual urges reconsideration of an argument rejected by the August 12, 2015 order. Arguing again that the insureds sued for "bad-faith failure to settle" after the applicable two-year limitation, Liberty Mutual moves to dismiss both the new tort claim of "negligent failure to settle," which is subject to the same two-year limitation, and the tort claim of "bad-faith failure to settle."[3]

---

[3] Liberty Mutual states, "Thus, the argument asserted with respect to both the bad faith and negligent failure-to-settle claims is the same and equally applicable to both claims." (Doc. 59 at 8)

Contending that the insureds sued for "bad-faith failure to settle" after the applicable two-year limitation, Liberty Mutual argues that the insureds cannot now sue for "bad-faith failure to settle" because the insured failed to assert the claim during the Florida action for breach of the insurance policy.  Liberty Mutual melds into a single argument an argument based on limitation, which requires a plaintiff to assert a claim within a statutorily determined time after the claim accrues, and an argument based on claim preclusion, which prevents a plaintiff from "litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).  For clarity, this order will address in turn the argument based on claim preclusion and the argument based on limitation.

First, Liberty Mutual argues that a previous action for breach of the insurance policy precludes the insureds' claim for "bad-faith failure to settle."  In support of the argument, Liberty Mutual cites *Safeco Insurance Co. of America v. Sims*, 435 So. 2d 1219, 1222 (Ala. 1983), which correctly holds that a claim for the Alabama tort of "bad-faith refusal to honor insurance benefits" and a claim for breach of an insurance policy "arise out of the same transaction or occurrence."  Both the tort claim and the contract claim "arise out of" an insurer's refusal to indemnify an insured.  However, Liberty Mutual fails to explain why a claim for "bad-faith failure to settle" likewise "arises out of the same transaction or occurence" as a claim for breach of an insurance policy.  Although a claim for breach of an insurance policy "arises out of"

an insurer's refusal to indemnify an insured, a claim for "bad-faith failure to settle" "arises out of" an insurer's failure to settle an underlying claim against the insured. In explanation, Liberty Mutual offers only that a "bad-faith refusal to honor insurance benefits" and a "bad-faith failure to settle" both involve "bad faith."

Liberty Mutual's false comparison is perhaps the result of (1) a misunderstanding of the relationship between a claim for "bad-faith refusal to honor insurance benefits" and a claim for breach of an insurance policy and (2) a misunderstanding of the relationship between a claim for "bad-faith failure to settle" and a claim for breach of an insurance policy.  As stated, a claim for "bad-faith refusal to honor insurance benefits" and a claim for breach of an insurance policy "arise out of the same transaction or occurrence"  Also, a breach of an insurance policy is an element of a claim for "bad-faith refusal to honor insurance benefits." *See Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001) ("[A] breach of the insurance contract is an element of a bad-faith-refusal-to-pay claim.").  In order to succeed in a claim for "bad-faith refusal to honor insurance benefits" and to obtain punitive damages against the insurer, an insured must establish that an insurer failed to indemnify "without any reasonable ground for dispute" and establish grounds for compensatory damages. *Ex parte Alfa Mut.*, 799 So. 2d at 962.

A claim for "bad-faith failure to settle" and a claim for breach of an insurance policy not only "arise out of" different transactions and different occurrences but seek discrete, complementary relief for the insured.  Although a claim for breach of an

- 7 -

insurance policy seeks indemnity for only settlement money covered by the insurance policy, a claim for "bad-faith failure to settle" seeks recovery including money not covered by the insurance policy.  The outcome of a claim for "bad-faith failure to settle" is not dependant on the outcome of a claim for breach of an insurance policy. Liberty Mutual's citation to cases involving a claim for "bad-faith refusal to honor insurance benefits" cannot support the conclusion that a previous action for breach of the insurance policy precludes the insureds' claim for "bad-faith failure to settle."

Second, Liberty Mutual argues that the claim for "bad-faith failure to settle" is barred by a two-year limitation that began at the conclusion of the Alabama actions against the insureds.  Confusing limitation with claim preclusion, Liberty Mutual asserts that in Alabama an insured must sue for "bad-faith failure to settle" (to which a two-year limitation applies) at the same time as suing for breach of the insurance policy (to which a six-year limitation applies).  However, Liberty Mutual fails to explain why an insured must sue for "bad-faith failure to settle" within two years after the conclusion of the underlying action.  Also, Liberty Mutual cites cases involving "bad-faith refusal to honor insurance benefits" but fails to explain how the cases support the inference that the limitation for "bad-faith failure to settle" begins at the conclusion of the underlying action.

As the August 12, 2015 order states, a claim of "bad-faith failure to settle" accrues — and the limitation for the claim begins — when an insured confirms the existence of "personal liability"; that is, liability not covered by an insurance policy.

*See Federal Ins. Co. v. Travelers Cas. & Sur. Co.*, 843 So. 2d 140, 144 (Ala. 2002) ("[A]

bad-faith-failure-to-settle claim does not exist where the insured is subject to no

personal loss from a final judgment"); *Evans v. Mut. Assur., Inc.*, 727 So. 2d 66, 67

(Ala. 1999) ("[A claim for bad-faith failure to settle] does not accrue unless and until

the claimant obtains a final judgment in excess of the policy limits."). If the money

paid to settle the underlying action exceeds the policy limit, an insured can confirm

as soon as the insured settles the underlying action the existence of liability not

covered by an insurance policy. Thus, the "bad-faith failure to settle" claim accrues

at the time of settlement, within two years of which the insured must sue. If the

money paid to settle the underlying action is less than the policy limit, an insured

cannot confirm the existence of liability not covered by an insurance policy until after

resolution of the claim for breach of the insurance policy. Thus, the "bad-faith failure

to settle" claim accrues at the conclusion of the action for breach of the insurance

policy, and the insured must sue within two years of that conclusion.

Because the insureds settled for approximately $4.6 million and because at the

time of settlement Liberty Mutual maintained that the policy limit was $5 million

($1 million for each of the five Alabama actions),[4] the August 12, 2015 order holds

that the insureds could not confirm the existence of liability not covered by the

insurance policy until after resolution of the Florida action for breach of the

insurance policy. Thus, the "bad-faith failure to settle" claim accrued at the

---

[4] A Florida court later determined that the policy limit was $2 million.

- 9 -

conclusion of the Florida action.  Because the Florida court entered the final

judgment in 2013 and because the insureds initiated this action in 2014, the claim for

"bad-faith failure to settle" and thus the claim for "negligent failure to settle" are

timely.

**2. Count III**

As Liberty Mutual argues, Count III violates Rule 10(b), Federal Rules of

Civil Procedure, which requires "each claim founded on a separate transaction or

occurrence . . . [to] be stated in a separate count."  Count III comprises not only a

claim under Section 624.155(1)(a)(1) but a claim under Section 624.155(1)(b)(1).  The

August 12, 2015 order identified the same problem in the first amended complaint's

Count II, which is the predecessor of Count III of the second amended complaint.

Based on the insureds' response to a previous motion to dismiss, the August 12, 2015

order held that the claim under Section 624.155(1)(a)(1), not the claim under

Section 624.155(1)(b)(1), was central to the count.  The order dismissed the claim

under Section 624.155(1)(b)(1).  Despite an opportunity to amend the complaint, the

insureds again attempt to assert in the same count (Count III) the claim under

Section 624.155(1)(a)(1) and the claim under Section 624.155(1)(b)(1).

The insureds' failure to comply with the August 12, 2015 order is based in part

on a misunderstanding of Section 624.155(1)(b)(1), which creates a cause of action

for an insurer's failure "to settle claims" "in good faith" "when, under all the

circumstances, it could and should have done so, had it acted fairly and honestly

toward its insured and with due regard for her or his interests."  Failing to distinguish

Section 624.155(1)(a)(1) and Section 624.155(1)(b)(1) and believing that

Section 624.155(1)(b)(1) creates a cause of action for failure "to indemnify" in good

faith (Doc. 69 at 6), the insureds cite two sentences from *Vest v. Travelers Ins. Co.*,

753 So. 2d 1270, 1275 (Fla. 2000):

> [A] claim for bad faith pursuant to section 624.155(1)(b)1 is founded
> upon the obligation of the insurer to pay when all conditions under the
> policy would require an insurer exercising good faith and fair dealing
> towards its insured to pay. This obligation on the part of an insurer
> requires the insurer to timely evaluate and pay benefits owed on the
> insurance policy.

The sentences explain that an insurer must settle claims in good faith because the

insurer has an "obligation . . . to pay when all conditions under the policy would

require an insurer exercising good faith and fair dealing towards its insured to pay."

No portion of *Vest* expands the statutory cause of action under

Section 624.155(1)(b)(1) to allow an action for failure "to indemnify" in good faith.

*See Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1216 (Fla. 2016).

Even if the insureds assert in separate counts a claim under

Section 624.155(1)(a)(1) and a claim under Section 624.155(1)(b)(1), the claim under

Section 624.155(1)(b)(1) is dismissed.  As the February 20, 2015 order explains in

detail, the insureds' claim that Liberty National failed to settle the five Alabama

actions "is governed by the law of the state of performance."  (Doc. 19 at 9)  And

"[t]he place of performance [is] . . . where the [underlying] cause of action against

[the plaintiffs] was maintained and was defended by [the defendant]." (Doc. 19 at 10 (quoting *Government Employees Insurance Co. v. Grounds*, 332 So. 2d 13, 14–15 (Fla. 1976))). The second amended complaint establishes that, although "the insurance contract was executed" in Florida, the underlying actions were "brought and defended in [Alabama] and . . . settlement negotiations took place in" Alabama. *See Clifford v. Commerce Ins. Co.*, 2009 WL 3387737, at *1 (S.D. Fla. Oct. 16, 2009) (Hoeveler, J.). Thus, the claim is governed by Alabama law, not by the Florida Statutes.

## CONCLUSION

Liberty Mutual's motion (Doc. 59) to dismiss is **GRANTED IN PART**. Of the two claims in Count III, the claim under Section 624.155(1)(b)(1), Florida Statutes, is **DISMISSED**. The claim under Section 624.155(1)(a)(1) remains. The parties' motion (Doc. 82) to extend deadlines is **DENIED AS MOOT**. No later than **JULY 28, 2016**, the parties may move again for a motion to extend deadlines.

ORDERED in Tampa, Florida, on July 18, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE